KEKER & VAN NEST LLP
ASHOK RAMANI - # 200020
aramani@kvn.com
SHARIF E. JACOB - # 257546
sjacob@kvn.com
STACY CHEN - # 261822
schen@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Movant NETFLIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STRAIGHT PATH IP GROUP,<br><br>Plaintiff,<br><br>v.<br><br>BLACKBERRY LIMITED, BLACKBERRY CORPORATION, ZTE CORPORATION, ZTE USA, INC., HUAWEI TECHNOLOGIES CO., LTD., HUAWEI INVESTMENT & HOLDINGS CO., INC., HUAWEI TECHNOLOGIES USA, INC., HUAWEI DEVICE USA, INC., SAMSUNG ELECTRONICS, CO., LTD., SAMSUNG ELECTRONICS, CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, L.L.C.,<br><br>Defendants. | Case No. _____ MISC<br><br>[Actions pending in the United States District Court for the Eastern District of Texas, C.A. Nos. 6:13-cv-604, 6:13-cv-605, 6:13-cv-606, 6:13-cv-607]<br><br>**THIRD-PARTY NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA** |

NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................... 1

I. INTRODUCTION ....................................................................................................... 1

II. STATEMENT OF ISSUE TO BE DECIDED ............................................................ 2

III. STATEMENT OF FACTS .......................................................................................... 2

    A. Straight Path and Its Patents ............................................................................ 2

    B. Straight Path's Subpoena to Netflix – EDTX Action ...................................... 3

    C. Straight Path's ITC Action ............................................................................... 4

        1. ITC Subpoena to Netflix ..................................................................... 4

        2. Straight Path sidesteps adjudication of the merits of its case ............ 6

    D. Straight Path's suit against Netflix .................................................................. 6

    E. Meet and confer between Straight Path and Netflix ....................................... 7

IV. ARGUMENT ............................................................................................................... 7

    A. Because Straight Path has sued Netflix directly, its deposition subpoena should be quashed in its entirety. ..................................................................... 7

    B. The overbroad deposition topics Straight Path requests are duplicative of those it already took in the ITC Investigation and should be quashed per Straight Path's own agreement. ...................................................................... 10

V. CONCLUSION .......................................................................................................... 12

i

NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA
Case No.

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Cusumano v. Microsoft Corp.*
  162 F.3d 708 (1st Cir. 1998) .................................................................................................. 8

*Hasbro, Inc. v. Serafino*
  168 F.R.D. 99 (D. Mass. 1996) .............................................................................................. 8

*Metro-Goldwyn-Mayer Studios, Inc., et al. v. Grokster, Ltd.*
  218 F.R.D. 423 (D. Del. 2003) ............................................................................................... 8

*Nidec Corp. v. Victor Co. of Japan*
  249 F.R.D. 575 (N.D. Cal. 2007) ......................................................................................... 11

*Peyton v. Burdick*
  2008 WL 880573 (E.D. Cal. Mar. 31, 2008) ......................................................................... 9

**State Cases**

*Bd. of Ed. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Ass'n, Inc., Local 1889 AFT AFL-CIO*
  38 N.Y.2d 397, 343 N.E.2d 278 (1975) ................................................................................ 8

**Federal Rules**

Fed. R. Civ. P. 26 ........................................................................................................................ 7, 8

Fed. R. Civ. P. 29(b) ..................................................................................................................... 10

Fed. R. Civ. P. 45 .............................................................................................................. 2, 8, 11

**Treatises**

Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2452 (3d ed.) ....................................................... 9

ii

NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA
Case No.

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on June 30, 2014 at ___ a.m./ p.m., or as soon thereafter as the matter may be heard in Courtroom ___ of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Movant Netflix Inc. ("Netflix") will, and hereby does, move the Court for an order quashing Plaintiff Straight Path IP Group, Inc.'s ("Straight Path's") subpoena to Netflix as duplicative and improperly seeking premature third-party discovery that is properly discoverable through party discovery. Netflix's motion is based on this submission, the accompanying declarations and exhibits, the pleadings and other documents on file in this case, and any argument presented to the Court.

Netflix requests that this Court grant Netflix's motion to quash Straight Path's subpoena in Case Nos. 6:13-cv-604, 6:13-cv-605, 6:13-cv-606, and 6:13-cv-607, pending in the United States District Court for the Eastern District of Texas.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Rather than try the merits of its claims, Straight Path prefers to use the court's process to generate endless discovery. The subpoena at issue here comes from an action in Texas that Straight Path filed against Blackberry, ZTE, Samsung, and Huawei entities asserting three patents on Voice over Internet Protocol ("VoIP") related technology. Straight Path accuses the Texas defendants of infringing these patents by supporting Netflix functionality on their various devices.

But this is not the first time Straight Path has attempted to take burdensome and broad third-party discovery from Netflix, and it will not be the last. Notably, prior to this subpoena's issuance, Netflix and Straight Path had already completed a *full round* of third-party discovery in an ITC investigation involving the same three VoIP patents at issue here. In the ITC investigation, Straight Path subpoenaed and obtained full discovery on the functionality it accused. It used that discovery to prosecute *almost* an entire case, accusing of infringement Netflix functionality integrated on devices from several manufacturers. But, on the eve of trial, Straight Path withdrew its complaint and unilaterally moved to terminate the ITC investigation.

1

NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA
Case No.

That same day, Straight Path filed a new lawsuit against Netflix in the Eastern District of Texas. Apparently running from the possibility of having its patents invalidated and found not infringed, Straight Path instead returned to district court to file a new action and continue more discovery—duplicative, expensive, burdensome discovery. The non-settling respondents in the ITC investigation also return to district court—in the Eastern District of Virginia—to continue litigating against Straight Path.

Straight Path's litigation tactics reveal its strategy: Straight Path is seeking endless discovery while avoiding an adjudication on the merits. The Texas subpoena is just second in a line of four shots Straight Path wants to take at Netflix in an unending cycle of piecemeal discovery on the same patents. Rather than streamline litigation, Straight Path uses it as a tool to maximize expenses on its target licensees. The Federal Rules forbid this sort of gamesmanship. For that reason, Netflix respectfully requests that the Court quash Straight Path's deposition subpoena.[1]

## II. STATEMENT OF ISSUE TO BE DECIDED

Whether Straight Path's deposition subpoena to Netflix should be quashed in its entirety because Straight Path has concurrently sued Netflix for infringement on the same VoIP Patents underlying the action for which the subpoena issued; because Straight Path agreed not to seek duplicative testimony yet its noticed topics are duplicative; because Straight Path seeks discovery more properly obtained through less burdensome means through the Texas Defendants; and because Straight Path seeks to improperly expedite discovery in its action against Netflix.

## III. STATEMENT OF FACTS

### A. Straight Path and Its Patents

Straight Path has asserted several patents from a common family. They include U.S. Patent No. 6,009,469, U.S. Patent No. 6,108,704, and U.S. Patent No. 6,131,121 ("VoIP

---

[1] Rule 45 provides that "To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena..." Fed. R. Civ. P. 45(d)(3)(B). Netflix is headquartered in Los Gatos, CA, which is located within this judicial district. Straight Path noticed the place of compliance for the subpoena as in the San Francisco office of its counsel, which is also located within this judicial district. *See* Chen Decl., Ex. A at 4 (commanding deposition attendance and production of documents at the San Francisco office of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.).

Patents"). These patents are generally directed at VoIP telephony. They are set to expire in 2015. Straight Path has accordingly launched a last-ditch monetization campaign in suits across the country. After suing several internet telephony-related services, Straight Path has turned to asserting the VoIP Patents against video streaming services, such as Netflix.

Despite having asserted these patents and those in the same family in over 16 district court cases,[2] Straight Path is determined to asssure that they are never subjected to trial. Rather, Straight Path brandishes litigation and its associated costs to extract settlement payments from its target licensees. Straight Path has no other business other than monetizing its patents through the courts.

**B.   Straight Path's Subpoena to Netflix – EDTX Action**

The particular subpoena that is the subject of this motion to quash arises from four cases Straight Path filed in the Eastern District of Texas ("Texas Actions") against the above-named defendants—corporate affiliates of Blackberry, ZTE, Huawei, and Samsung ("Texas Defendants"). Straight Path commenced those lawsuits on August 23, 2013. On March 17, 2014, Straight Path issued a subpoena to Netflix ("Texas Subpoena"), including voluminous document requests and deposition topics covering virtually the entirety of Netflix's business operations. *See* Declaration of S. Chen ("Chen Decl."), Ex. A (Texas Subpoena). Straight Path contends (incorrectly) that the Texas Defendants infringe the VoIP Patents by virtue of supporting video-streaming applications such as Netflix's.

Netflix and Straight Path have been meeting and conferring regarding Straight Path's

---

[2] *See* E.D. Va. Case Nos. 12-cv-00007, *Innovative Communications Technologies, Inc. v. Vivox, Inc.*; 1:2013-cv-00933, *Straight Path IP Group, Inc. v. LG Electronics, Inc. et al.*; 1:2013-cv-00934, *Straight Path IP Group, Inc. v. VIZIO, Inc. et al.*; 1:13-cv-01071, *Straight Path IP Group, Inc. v. Sony Corporation et al.*; 1:2013-cv-932, *Straight Path IP Group, Inc. v. Bandwidth.com, Inc.*; 1:2013-cv-00935, *Straight Path IP Group, Inc. v. Panasonic Corporation of North America et al.*; 1:2013-cv-00936, *Straight Path IP Group, Inc. v. Sharp Corp. et al.*; 1:2013-cv-00937, *Straight Path IP Group, Inc. v. Telesphere Networks Ltd.*; 1:2013-cv-01070, *Straight Path IP Group, Inc. v. Toshiba Corporation et al.*; 1:2013-cv-01100, *Straight Path IP Group, Inc. v. Vocalocity, Inc.*; 1:2013-cv-01366, *Straight Path IP Group, Inc. v. Vonage Holdings Corp. et al.*; E.D. Tex. Case Nos. 2013-cv-00604, *Straight Path IP Group, Inc. v. BlackBerry Limited, et al.*; 2013-cv-00605, *Straight Path IP Group, Inc. v. Huawei Investment & Holding Co., Ltd. et al.*; 2013-cv-00606, *Straight Path IP Group, Inc. v. Samsung Electronics Co., Ltd. et al.*; 2013-cv-00607, *Straight Path IP Group, Inc. v. ZTE Corporation, et al.*; 2014-cv-00405; *Straight Path IP Group, Inc. v. Netflix, Inc.*

3
NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA
Case No.

subpoena for nearly two months now, and Netflix has served written objections to Straight Path's subpoena. *See* Chen Decl. ¶ 7, Ex. C. As part of that process, Netflix already produced a substantial volume of proprietary technical documents. *Id.* ¶ 8, Ex. D (2014 04 22 Corr. S. Kim to Straight Path). Netflix has even further agreed to make available several versions of its highly-sensitive source code, subject to the entry of a protective order which Netflix and Straight Path are close to finalizing.[3] *See* Chen Decl. ¶ 9-10, Exs. F-G. Yet, Straight Path is still not satisfied.

### C. Straight Path's ITC Action

This Texas Subpoena is not the first time that Netflix and Straight Path have crossed paths. Even before Straight Path commenced its action against the Texas Defendants, it filed two actions against VIZIO, Toshiba, LG, Sharp, Sony, and Panasonic corporate entities ("Respondents") in the International Trade Commission and in the Eastern District of Virginia. In both actions, Straight Path asserted the same VoIP Patents at issue in the Texas Action and accused the same Netflix technologies. *See* Case Nos. 1:13-cv-00934, *Straight Path IP Group, Inc. v. VIZIO, Inc. et al.*; 3:13-cv-503, *Straight Path IP Group, Inc. v. Toshiba Corporation et al.*; 1:13-cv-933, *Straight Path IP Group, Inc. v. LG Electronics, Inc. et al.*, 1:13-cv-00936, *Straight Path IP Group, Inc. v. Sharp Corp. et al.*, 2:13-cv-427, *Straight Path IP Group, Inc. v. Sony Corporation et al.*, 1:13-cv-00935, *Straight Path IP Group, Inc. v. Panasonic Corporation of North America et al.* ("Virginia Actions"); Inv. No. 337-TA-892, *Certain Point-to-Point Network Comm'n Devices and Products Containing the Same* ("ITC Investigation"). The Virginia Actions were stayed pending the outcome of the ITC Investigation.

#### 1. ITC Subpoena to Netflix

Straight Path's accusations against Respondents were, as for the Texas Defendants, that they infringed the VoIP Patents by supporting Netflix streaming services on certain of their devices. *See* Chen Decl. ¶ 14. Straight Path issued a subpoena to Netflix in the ITC Investigation, seeking discovery covering all manner of Netflix's business operations and server-

---

[3] Netflix believes that its substantial existing document production and agreement to produce additional document pending the entry of a modified protective order in the Eastern District of Texas is likely to resolve any dispute between the parties regarding Straights Path's subpoena *duces tecum*. Because the parties continue to meet and confer about Netflix's production of documents, Netflix only move to quash Straight Path's subpoena *ad testificandum* at this time.

4
NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA
Case No.

side streaming technology, also noticing deposition topics with similarly broad brushes. *See* Declaration of J. Coughlan ("Coughlan Decl.") ¶¶ 3-4, Ex. A (ITC Subpoena). Netflix moved to quash the subpoena. *Id.* ¶ 4. The ALJ denied Netflix's motion, but strongly indicated that Straight Path should narrow the scope of its requests. *Id.* ¶ 5, Ex. B (Order No. 16). The parties conferred, and Straight Path tailored its requests as ordered. *Id.* ¶ 6. Netflix, in turn, made a fulsome production of documents responsive to those requests. *Id.* ¶ 7. Straight Path did not seek further document discovery or move to enforce the subpoena. *Id.*

In addition to producing documents, Netflix provided a 30(b)(6) corporate witness to testify on topics Straight Path specifically requested. *See* Coughlan Decl. ¶¶ 10-12. The topics from Straight Path's ITC subpoena for which Netflix provided a 30(b)(6) witness include the following, addressing Netflix's server-side operations, their relationship to each other, and their interoperability with client-side devices:

- Topic No. 1: Sending a request for streaming content from a client with a movie ID to the server;

- Topic No. 2: The server response to that request;

- Topic No. 3: Connecting to a CDN, e.g., for the purpose of obtaining streaming content;

- Topic No. 4: General process for displaying the dynamic Netflix UI;

- Topic No. 5: Determination of movie availability in response to a client's authorization request for streaming content;

- Topic No. 6: Assembling a response in response to a client's request for streaming content;

- Topic No. 7: CDN selection (generally); and

- Topic No. 8: Testimony regarding the Netflix certification process. (Netflix will not be required to provide testimony about the certification process for any individual accused product).

*See* Coughlan Decl. ¶¶ 8-9, Ex. A (ITC Subpoena), Ex. C (2014 02 10 Corr. between Coughlan and Straight Path). Straight Path deposed Netflix's corporate witness, Mr. Philip Fisher-Ogden, for a full day regarding the above topics. *See* Coughlan Decl. ¶ 11. Following the deposition,

Straight Path did not request additional testimony. *Id.* ¶ 12. Indeed, Straight Path has commended Mr. Fisher-Ogden for the substance and thoroughness of his testimony. *See* Chen Decl. ¶ 5, Ex. B (2014 03 28 Email from SChen to Straight Path).

### 2.   Straight Path sidesteps adjudication of the merits of its case

As the ITC Investigation hastened towards trial, the lone functionality whose non-infringement remained to be adjudicated was that of Netflix. Chen Decl. ¶ 15. All parties to the ITC Investigation submitted their pre-hearing statements on April 29, 2014. *Id.* ¶ 17. Indeed, Straight Path's pre-hearing statement represented to the Commission that the evidence would show that the accused devices combined with Netflix infringed its VoIP Patents. *Id.* On May 1, 2014, all parties filed and served their motions *in limine* and high-priority objections. *Id.* ¶ 20. The parties were set for hearing before the ITC from May 13 to 20, 2014. *Id.* ¶ 16.

Out of the blue, Straight Path announced on May 2, 2014, that it would withdraw its ITC complaint and move to terminate the ITC Investigation. *Id.* ¶ 21. Having been unsuccessful in persuading the remaining respondents—LG, VIZIO, and Toshiba—to bow to its settlement entreaties prior to trial, Straight Path withdrew its complaint to avoid an imminent trial on the merits, which would put its patents to the test on invalidity and adjudge the merits of its infringement allegations. *See* Chen Decl. ¶¶ 19-21. But Straight Path was not finished.

### D.   Straight Path's suit against Netflix

The same day that Straight Path announced it would unilaterally move to terminate the ITC complaint, it simultaneously filed a complaint directly against Netflix in the Eastern District of Texas asserting the VoIP Patents, along with two other patents of the same family. *See* Case No. 6:14-cv-405, *Straight Path IP Group, Inc. v. Netflix, Inc.* ("Netflix Action"); Chen Decl. ¶¶ 22-23. Straight Path even noticed the Netflix Action as related to the Texas Actions.[4] Party discovery will presumably follow in the future. Yet, even though Straight Path has sued Netflix directly, and presumably intends to seek party-discovery from Netflix, Straight Path refuses to drop its subpoena in the Texas Actions.

---

[4] Straight Path has not served Netflix with the complaint, Chen Decl. ¶ 19, spreading out the Texas Actions, seemingly purposefully to avoid consolidation and therefore to continue to subject Netflix to duplicative, onerous, and burdensome discovery.

### E. Meet and confer between Straight Path and Netflix

Facing potentially four rounds of discovery—first the ITC Subpoena, then this Texas Subpoena, then party discovery in the Netflix Action, and again third-party discovery in the Virginia Actions—Netflix most recently offered to compromise by producing a set of additional discovery that Straight Path sought in exchange for an agreement that such discovery would once and for all satisfy its obligations to Straight Path in all cases involving the VoIP Patents. *See* Chen Decl., Ex. F (2014 05 21 Corr. from S. Chen to S. Cole). Straight Path refused. *Id.*, Ex. H (2013 05 22 Corr. S. Cole to S. Chen). Noticing that the deposition topics are duplicative with the deposition already taken, Netflix requested that Straight Path withdraw its request for a deposition. *See id.*, Ex. F (2014 05 21 Corr. from S. Chen to S. Cole). Straight Path refused. *See id.*, Ex. H (2013 05 22 Corr. S. Cole to S. Chen).

Through prior agreement, Netflix's deadline to file a timely motion to quash was set for May 23, 2014. *See id.* ¶ 13, Ex. I (2014 05 09 Corr.). On the most recent meet and confer call with Straight Path, however, it refused to extend that time any further, necessitating this motion.[5]

## IV. ARGUMENT

Straight Path's current subpoena serves only one purpose: to multiply the cost and expense of discovery on Netflix. Netflix respectfully requests that the Court prevent Straight Path from abusing the Court's process in this manner.

### A. Because Straight Path has sued Netflix directly, its deposition subpoena should be quashed in its entirety.

The Federal Rules of Civil Procedure govern discovery and do not entertain the tactics that Straight Path employs. Rule 1 dictates that the Federal Rules "should be construed and administered to secure the <u>just</u>, <u>speedy</u>, and <u>inexpensive</u> determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Rule 26 provides that "[o]n motion or on its own, <u>the court must limit the frequency or extent of discovery otherwise allowed by these rules</u>...

---

[5] Pursuant to Fed. R. Civ. P. 26(c) and Local Rule 37-1, counsel for Netflix certifies that it made a good faith effort to meet and confer with counsel for Straight Path and resolve this dispute without court action prior to the filing of this motion. *See* Chen Decl. ¶¶ 4-6, 8-13. The parties have been conferring for nearly two months and have reached agreement on some issues, but some outstanding issues still remain, leading to Netflix's deadline for moving to quash. *See id.* ¶ 13.

if it determines that the discovery sought is <u>unreasonably cumulative or duplicative</u>, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added); *see Cusumano v. Microsoft Corp.*, 162 F.3d 708, 714 (1st Cir. 1998) (discussing Rule 26(b)(2)). Practical sense dictates that "legal procedure must be utilized in a manner consonant with the purpose for which that procedure was designed." *Bd. of Ed. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Ass'n, Inc., Local 1889 AFT AFL-CIO*, 38 N.Y.2d 397, 404, 343 N.E.2d 278, 283 (1975) ("Where process is manipulated to achieve some collateral advantage, whether it be denominated extortion, blackmail or retribution, the tort of abuse of process will be available to the injured party.").

Rule 45, governing subpoenas, commands that "[o]n timely motion, the court for the district where compliance is required <u>must quash</u> or modify a subpoena that... subjects a person to <u>undue burden</u>." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added). Indeed, Straight Path and its attorneys "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).[6] Straight Path's duplicative, piecemeal, endless, and harassing discovery demands are antithetical to these directives.

In line with these principles, a court encountering an almost identical posture to the instant case quashed a subpoena in its entirety. In *Metro-Goldwyn-Mayer Studios, Inc., et al. v. Grokster, Ltd.*, several plaintiffs issued a subpoena to nonparty iMesh.com, Inc. in an action pending in the Central District of California. 218 F.R.D. 423 (D. Del. 2003). iMesh moved to quash the subpoena because it was a "'thinly-veiled fishing expedition' designed to lay the groundwork for a suit against iMesh." *Id.* at 424. iMesh's complaints proved "prescient" as some of the plaintiffs proceeded to sue iMesh directly in a separate action. *Id.* This circumstance, the court found, sufficed to show that the burden of responding to the subpoena was undue, as there were now more appropriate avenues for the plaintiffs to pursue discovery— e.g., party discovery. *Id.*; *see also Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) (limiting Rule 45 subpoenas to non-parties); *c.f. Peyton v. Burdick*, 2008 WL 880573, *1 (E.D.

---

[6] This Court is charged with "enforc[ing] this duty and impos[ing] an appropriate sanction— which may include lost earnings and reasonable attorneys' fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

8

NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA
Case No.

Cal. Mar. 31, 2008).

Straight Path's subpoena to Netflix is indistinguishable from the one quashed in *Grokster*. Straight Path has already abused the ITC's discovery process, using discovery obtained in that forum as the groundwork for a suit against Netflix in the Eastern District of Texas. While using the ITC to obtain discovery, Straight Path simultaneously refused to submit its patents to adjudication there. Netflix has already complied with Straight Path's ITC subpoena—a body with broad and permissive discovery rules. Netflix has already agreed to produce all of the documents and testimony it furnished in the ITC, subject only to entry of an amended protective order. Now, Straight Path has refiled an action for no purpose other than to increase litigation costs through endless discovery. Straight Path wants another deposition despite its own representation that Mr. Fisher-Ogden was well-prepared for his deposition. Even worse, Straight Path has expressly reserved the right to seek yet another deposition and more documents through party discovery in the Netflix Action, and more third-party discovery in its actions in Virginia Actions.

In the Netflix Action, Straight Path has not yet served its complaint on Netflix. Netflix and Straight Path have not had their Rule 26 conference, Netflix has not appeared before the court in that action, nor has the court set a discovery schedule. Straight Path cannot use the Rule 45 subpoena process to circumvent the eventual court-mandated discovery deadlines. *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2452 (3d ed.) ("Rule 45, which governs Subpoenas Duces Tecum, is thus read in *pari materia* with Rule 26, governing scope of discovery"). Its continued pursuit of its subpoena defies any efficient adjudication of cases contemplated by the Federal Rules. Indeed, if Straight Path actually intended to adjudicate its cases efficiently, it would not delay the start of the Netflix Action given the onward progress of the related Texas Actions.

Netflix respectfully requests that the Court quash Straight Path's third-party deposition subpoena, and direct it to seek discovery from Netflix in the lawsuit Straight Path has filed against it.

### B. The overbroad deposition topics Straight Path requests are duplicative of those it already took in the ITC Investigation and should be quashed per Straight Path's own agreement.

In addition to being harassing, Straight Path's deposition subpoena is duplicative and burdensome for three reasons.

*First*, Straight Path's subpoena is overbroad on its face, and on that basis alone, should be quashed. Through the meet and confer process, Straight Path has somewhat narrowed the topics for which it seeks deposition testimony, but even as narrowed, those topics are duplicative of the discovery Straight Path already has or will get. Straight Path already agreed that it would not seek "testimony on identical subject matter on which Mr. Fisher-Ogden testified in the ITC action." *See* Chen Decl. Ex. J at 2 (2014 04 08 Letter from S. Cole to S. Chen). But—in defiance of its own agreement—Straight Path nonetheless continues to seek deposition testimony on topics on which Mr. Fisher-Ogden already testified, even though it now attempts to couch some of them as new topics. *See* Chen Decl. Ex. F at 2-3 (2014 05 21 Letter from S. Chen to S. Cole) (outlining the categories of documents that Netflix has already produced or has agreed to produce). In particular, Straight Path seeks deposition testimony on several CDN- and NCCP-server side functions. *See* Chen Decl., Ex. E at 2-4 (listing topics). Mr. Fisher-Ogden provided deposition testimony relating to these topics in the ITC Investigation and Netflix has agreed to produce the transcript upon entry of a suitable protective order, which Netflix and Straight Path are finalizing. *See* Coughlan Decl. ¶¶ 8-12; Chen Decl., Ex. F at 2-3. Thus, quashing Straight Path's deposition subpoena as it relates to duplicative discovery it has already obtained or will obtain shortly, only enforces an agreement it already made. *See* Fed. R. Civ. Proc. 29(b).

Similarly, Straight Path specifically requests testimony seeking confirmation that Netflix's NCCP Protocol operates the same way across all versions. *See* Chen Decl. Ex. E at 3 (2014 05 13 Letter from S. Cole to S. Chen). Netflix, however, has already produced every single version of the NCCP Protocol back to version 2.4, which dates to 2008. *See* Chen Decl. ¶ 8. What's more, Straight Path had an opportunity (and did) question Mr. Fisher-Ogden regarding the various versions and differences between them. *See* Coughlan Decl. ¶ 11. As above, this request falls

within Straight Path's agreement not to seek duplicative testimony, and should also be quashed.[7]

***Second***, Straight Path's second topic for deposition testimony is more easily obtained through discovery of the Texas Defendants. Straight Path specifically requests testimony seeking confirmation that the devices of the accused products for the Texas Defendants use substantially the same software-development kit from Netflix. *See* Chen Decl. Ex. E at 3 (2014 05 13 S. Cole to S. Chen). But Straight Path can easily find out what software-development kit, if any, is made available to each of the Texas defendants through party interrogatories, which are much less burdensome than requiring a deposition for that purpose. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (granting motion to quash subpoena seeking discovery available from party). Given Rule 45's command that Straight Path "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45(d)(1), Straight Path has no good reason for failing to first seek its requested information through party discovery.

***Third***, Straight Path requests deposition testimony going to damages-related issues, such as "marketing, sales, revenue, customer demand, customer surveys, and/ or customer preferences." *See* Chen Decl., Ex. E at 3 (2014 05 13 Ltr from S. Cole to S. Chen). Notwithstanding Netflix's objections to the categories of documents requested based on relevance and overbreadth (among other objections), Straight Path has made no attempt to narrow the category of documents it requests, or even tailor them in such a way as to relate them to the Texas Defendants. *See* Chen Decl., Ex. A (Texas Subpoena). Despite Netflix's offer to compromise on a document production, Straight Path refused and insists on fulsome and overbroad damages discovery. *See* Chen Decl., Ex. F at 3 n.2 (2014 05 21 Ltr from Chen to SCole); *id.*, Ex. H (2015 05 22 Email from SCole to SChen). Moreover, as with the broader subpoena, Straight Path will no doubt request and obtain damages discovery in the Netflix Action. Its attempt to accelerate that now is entirely improper. *See* Section IV.C, *infra*.

---

[7] Additionally, the information Straight Path seeks through this topic is discernible from the documents themselves, is more appropriate as expert testimony, and even as narrowed. Requesting a single witness to be prepared to testify on all differences between versions of a protocol over six years is overly burdensome.

11

NETFLIX, INC.'S NOTICE OF MOTION AND MOTION TO QUASH DEPOSITION SUBPOENA
Case No.

## V. CONCLUSION

Straight Path's subpoena to Netflix should be quashed. It is an improper attempt to multiply discovery costs on Netflix. It is duplicative and unduly burdensome. And it is improper in view of Straight Path's commencement of the Netflix Action. Accordingly, Straight Path's subpoena should be quashed.

Dated: May 23, 2014

KEKER & VAN NEST LLP

By: /s/ Ashok Ramani
ASHOK RAMANI
SHARIF E. JACOB
STACY CHEN

Attorneys for Movant
NETFLIX, INC.