IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRAIGHT PATH GROUP, INC, <br><br> Plaintiff, <br><br> v. <br><br> BLACKBERRY LIMITED, et al., <br><br> Defendants. <br> ———————————————/ <br> NETFLIX, INC. <br><br> Third Party. <br> ———————————————/ | No. C 14-80150 WHA <br><br> **ORDER DENYING ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE UNDER SEAL (DKT. NOS. 5, 7).** |

On May 23, Netflix, Inc. filed a motion to quash a deposition subpoena (Dkt. No. 1). On June 3, Straight Path IP Group, Inc. filed an opposition, a motion to compel, and two sealing motions (Dkt. No. 5–8). From its opposition, Straight Path sought to seal Exhibits K, L, M, O, T, U, W, and X to the Declaration of Attorney Michael Newman and Exhibits B, C, D, E, and G to the Declaration of Stephen Cole (Dkt. No. 7). From its motion, Straight Path sought to seal Exhibits K, L, M, O, T, U, W, and X to the Declaration of Attorney Michael Newman and Exhibits B, C, D, E, and G to the Declaration of Stephen Cole (Dkt. No. 5). Straight Path then re-filed "corrected" papers (Dkt. Nos. 11, 13, 14, 15, 17).

Straight Path's sealing submissions do not comply with Civil Local Rule 79-5(d). *First*, Straight Path's descriptions of Exhibits K, L, M, O, T, U, W, and X to the Declaration of Attorney Michael Newman in its sealing motion do not match up with the exhibits filed. For

example, Straight Path represents that Exhibit K is "relevant portions of AmTRAN's Responses to Straight Path's First Set of Interrogatories." Exhibit K as filed, however, is an email chain between Attorneys Michael Newman and James Coughlan (Dkt. No. 17-12, *see also* Dkt. Nos. 15-12, 14-12, 13-12). The undersigned judge is not in receipt of a courtesy copy of Exhibit K as described in the sealing motion.

*Second*, Civil Local Rule 79-5(d)(1)(D) states that an unredacted version of the document sought to be filed under seal should be e-filed. Chamber's copies should be provided as well. *See* Civil Local Rule 79-5(d)(2). This was not done. Moreover, Straight Path's opposition and motion to compel papers collectively number more than 1,400 pages. Chamber's copies should include exhibit tabs.

*Third*, parties and non-parties should make a good-faith effort to limit sealing requests to only narrowly-tailored portions of materials for which good cause to seal exists.

*Fourth*, it appears that Straight Path seeks to seal exhibits designated as confidential by non-parties. Straight Path should make sure these exhibits are promptly provided to those relevant non-parties so that appropriate supporting declarations can be timely filed. *See* Civil Local Rule 79-5(e).

Accordingly, Straight Path's sealing motions are **DENIED** (Dkt. Nos. 5, 7). By **NOON ON JUNE 16**, Straight Path shall file new sealing motions that comply with the rules.

**IT IS SO ORDERED.**

Dated: June 10, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2