IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRAIGHT PATH IP GROUP, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>BLACKBERRY LIMITED, et al.,<br><br>    Defendants.<br>———————————————————/<br>NETFLIX, INC.,<br><br>    Third Party.<br>———————————————————/ | No. C 14-80150 WHA<br><br>**ORDER RE ATTORNEY'S FEES AND EXPENSES** |

    1.    As recently ordered, Netflix, Inc. is entitled to recover from Straight Path and its counsel reasonable attorney's fees and expenses incurred as a result of Straight Path's unreasonable discovery demands (Dkt. No. 51). The following procedure herein will be used to determine the amount of the award.

    2.    No later than **JULY 24 AT NOON**, Netflix's attorneys must file and serve a detailed declaration, breaking down all attorney and paralegal time sought to be recovered. There must be a detailed description of the work, giving the date, hours expended, timekeeper name, and task for each work entry.

    3.    All entries must be presented chronologically. Entries can be rounded to the nearest quarter-hour and should be net of write-down for inefficiency or other cause. Include only entries for which compensation is sought, *i.e.*, after application of "billing judgment." Please show the grand total at the end.

4. A separate summary chart of total time and fees sought per individual timekeeper should also be shown at the end of the declaration.

5. The declaration must also set forth (a) the qualifications, experience and role of each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for each in the relevant time period; (c) how the rates were comparable to prevailing rates in the community for like-skilled professionals; and (d) proof that "billing judgment" was exercised. On the latter point, the declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth. These adjustments need not be itemized but totals for the amount deleted per timekeeper should be stated. The declaration must identify the records used to compile the entries and, specifically, state whether and the extent to which the records were contemporaneous versus retroactively prepared.

6. Ordinarily, no more than one attorney need attend a hearing; more will normally be deemed excessive. To allow for symmetry, however, the award will take into account the staffing used by the opposing party.

7. If the opposing party doubts the accuracy of the declaration, then the moving party must immediately produce the original underlying time records for inspection upon request. The opposing party must then file and serve any opposition. In this case, the opposition will be due **FOURTEEN CALENDAR DAYS** after Netflix's detailed declaration is filed. If the opposing party contends that any item was excessive, then the opposition must explain why and provide a declaration setting forth completely all time expended by the opposing party on the same (or similar) task, in the same format described above, so that symmetry may be considered, making available the underlying records for inspection if requested. If any billing rates are challenged, then the opposition must state the billing rates charged to the opposing party for all professionals representing the opposing party in the case and their experience levels.

8. The opposing submissions may not simply attack the numbers in the application. It must also set forth a counter-analysis. The counter-analysis should be in the same format required of the applicant, arriving at a final number. The opposition must clearly identify each

line item in the application challenged as excessive, improper or otherwise unrecoverable and explain why. The opposition, for example, may annotate (legible handwriting will be acceptable) the applicant's declaration to isolate the precise numbers at issue.

9. With the benefit of both sides' filings, representatives of the parties with final decision authority shall meet in person (in this district) and confer to try to resolve all differences as to the amount. If an agreement is reached, the parties shall promptly file a joint stipulation and proposed order. If no agreement is reached, Netflix must file and serve a declaration showing full compliance with this paragraph, explaining when, where and who met, their decision authority, how long they met, what documents were reviewed together, and the principal points of disagreement. This must be done within **28 CALENDAR DAYS** of the filing of Netflix's detailed declaration.

10. If no agreement is reached, a special master shall be appointed to determine the value of services. *See* FRCP 54. If the parties cannot agree on a special master, then the Court shall select a special master. The parties must so advise the Court on this within **28 CALENDAR DAYS** of the filing of Netflix's detailed declaration.

11. The special master shall have all the powers set forth in FRCP 53(c) and FRCP 54(d)(2)(D). The parties shall provide the special master with copies of the record. The special master shall review the papers, hear argument, and then determine a reasonable amount to award, including any fees on fees. The special master shall prepare and file a report on recommended findings and amount. If objections are later made to the special master's report, the objecting party must file a declaration submitting to the Court a complete appendix of relevant communications with the special master.

12. The Court will allocate the fees of the special master in a fair and reasonable manner, taking into account the reasonableness of the parties' respective positions and the special master's recommendation in this regard.

**IT IS SO ORDERED.**

Dated: July 8, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE